UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA WHEELER HESTER | CIVIL ACTION |
| VERSUS | NO. 13-5391 |
| MITCHELL J. LANDRIEU, ET AL | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court are the following motions: (1) the Jewish Community Center's Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Rec. Doc. 6); and (2) a Motion for Rule 12(c) Judgment on the Pleadings, filed by defendant Marlin N. Gusman, Sheriff of Orleans Parish (Rec. Doc. 15).

As this Court has reminded the parties in this case (*see* Rec. Docs. 8, 12), Local Rule 7.5 of the Eastern District of Louisiana requires that a written memorandum in opposition to a motion be filed at least eight days prior to the noticed submission date. Although the instant motions have been pending for several weeks,[1] no memorandum has been filed in opposition to either of the motions. Further, the Court has carefully reviewed the motions and found them to have merit.

As to the Jewish Community Center ("JCC"), the Court cannot see how any attempt to amend the allegations would not be futile. Thus, as to the JCC, the plaintiff may amend her complaint only by first filing (within the deadline set forth below) a motion for leave to amend

---

[1] The Jewish Community Center's Motion to Dismiss was noticed for submission on April 30, 2014, and Sheriff Gusman's Motion for Judgment on the Pleadings was noticed for May 28, 2014.

demonstrating that she can in good faith assert specific factual allegations making out a plausible claim of conspiracy against the JCC. As to the Orleans Parish Sheriff, or employees thereof, the plaintiff may amend her allegations within the deadline set forth below, to cure the deficiencies set forth in the Sheriff's motion (Rec. Doc. 15-1), if she can in good faith do so. In so ruling, the Court expressly makes no findings at this time as to the propriety or timeliness of any possible future amended allegations against individual employees of the Orleans Parish Sheriff. Accordingly;

**IT IS ORDERED** that the JCC's Motion to Dismiss for Failure to State a Claim **(Rec. Doc. 6)** and Marlin Gusman's Motion for Rule 12(c) Judgment on the Pleadings **(Rec. Doc. 15)** are hereby **GRANTED**, for substantially the reasons stated by the movants in their supporting memoranda (Rec. Docs. 6-1, 15-1), and the plaintiff's claims against the Jewish Community Center and against Marlin N. Gusman, individually and in his capacity as Sheriff of Orleans Parish, are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff shall have **twenty (20) days** from entry of this Order in which to amend her complaint, as set forth above.

New Orleans, Louisiana, this 17th day of July, 2014.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy**
**Plaintiff via email at:** thehesterreport@yahoo.com